IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANATOLY KADOSHNIKOV, | 1:13-cv-01071-LJO-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | (Docs. 16 and 17) |
| ROBERT CHAPNICK, et al., | |
| Defendants. | |

On August 12, 2013, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

-1-

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id.* Therefore, Plaintiff's motion for the appointment of counsel must be denied.

In addition to seeking the appointment of counsel, Plaintiff complains about his current conditions of confinement at California Institution for Men (CIM) in Chino, alleging abuse and inadequate medical treatment. The Court does not have jurisdiction over prison officials at CIM and it cannot issue any orders regarding Plaintiff's conditions of confinement there. 18 U.S.C. § 3626(a)(1)(A); *e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); *American Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted). Assuming Plaintiff's complaint is found to state a claim upon which relief may be granted when it is screened, 28 U.S.C. § 1915A, the Court's jurisdiction in this action is limited to the past events at Avenal State Prison involving Defendants Chapnick, Kamen, and Hitchman, 18 U.S.C. § 3626(a)(1)(A); *Steel Co.*, 523 U.S. at 103-04; *American Civil Liberties Union of Nevada*, 670 F.3d at 1061-62.

Accordingly, based on the foregoing, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:**   August 16, 2013                          /s/ Sheila K. Oberto
                                                     UNITED STATES MAGISTRATE JUDGE