# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANATOLY KADOSHNIKOV,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT CHAPNICK, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:13-cv-01071-LJO-SKO PC<br><br>SECOND ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>(Docs. 19 and 20) |

Plaintiff Anatoly Kadoshnikov, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 15, 2013, and it was transferred to the Fresno Division of the Eastern District of California on July 12, 2013, via order filed June 25, 2013. (Docs. 1, 9, 10.) This action involves past medical care issues at Avenal State Prison.

On August 19, 2013, Plaintiff filed two more motions seeking the appointment of counsel, both of which contain representations regarding Plaintiff's current conditions of confinement and his health care issues.

With respect to Plaintiff's current conditions of confinement, Plaintiff is incarcerated at the California Institution for Men (CIM) in Chino.[1] Venue for any federal civil rights claims arising from conditions at that prison is proper in the Central District of California. 28 U.S.C. § 1391(b).

---

[1] Although Plaintiff expresses concern over transfer back to a prison in the Central Valley of California, he remains at CIM to date.

As Plaintiff was previously informed, the Court does not have jurisdiction over prison officials at CIM. *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985). The Court is not without sympathy to the fact that Plaintiff is concerned about his conditions of confinement, but those issues may not be litigated in this case, *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61, 112 S.Ct. 2130 (1992); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010), and the Court cannot provide Plaintiff with legal advice regarding redress for those issues, *Pliler v. Ford*, 5452 U.S. 225, 231, 124 S.Ct. 2441, 2446 (2004).

      Turning to Plaintiff's request for counsel, Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

      In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id.* While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation

///

and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  The test is whether exceptional circumstances exist and here, they do not.

Accordingly, Plaintiff's motions for the appointment of counsel, filed on August 19, 2013, are HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **August 22, 2013**                     **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE