# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANATOLY KADOSHNIKOV,<br><br>          Plaintiff,<br><br>     v.<br><br>ROBERT CHAPNICK, et al.,<br><br>          Defendants.<br>_____/ | Case No.  1:13-cv-01071-LJO-SKO (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>(Doc. 31) |

**I.     Procedural History**

Plaintiff Anatoly Kadoshnikov, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 (Americans with Disabilities Act) on April 15, 2013, and it was transferred to the Fresno Division on July 12, 2013. (Docs. 1, 9, 10.)  On December 23, 2013, the Court screened Plaintiff's complaint and dismissed it, with leave to amend, for failure to state a claim.  Plaintiff filed an amended complaint on January 7, 2014.

**II.     Screening Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),

1  (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court
2  shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to
3  state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4        A complaint must contain "a short and plain statement of the claim showing that the
5  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
6  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
7  conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937
8  (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and
9  courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572
10 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual
11 allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

12       Under section 1983, Plaintiff must demonstrate that each defendant personally participated
13 in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This
14 requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*,
15 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners
16 proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and
17 to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)
18 (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the
19 plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

20 **III.   Discussion**
21       **A.   Summary of Amended Complaint**

22       Plaintiff is currently incarcerated at California Institution for Men in Chino, and he brings
23 this action against Chief Medical Officer Robert Chapnick, Doctor Geoffrey Kamen, Doctor
24 Angela Seagrest, Physician Assistant Stephan Hitchman, and Erik, a physiotherapist, for violating
25 his rights while he was incarcerated at Avenal State Prison. Plaintiff's claims arise from medical
26 care issues.
27 ///
28 ///

**B.      Eighth Amendment Claim**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named defendant and the violation of his rights; there is no *respondeat superior* liability under section 1983. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1949; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934.

The Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, but the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

It is difficult to determine the precise nature of Plaintiff's medical issues, but construing his allegations liberally and taking judicial notice of the exhibits attached to the original complaint, Plaintiff has, at a minimum, issues with ambulation and he was provided with a walker.[1] To state a viable claim, Plaintiff must allege facts sufficient to show that Dr. Chapnick,

---

[1] Doc. 6, Complaint.

3

Dr. Kamen, Dr. Seagrest, PA Hitchman, and Erik knew of and disregarded a substantial risk of harm to Plaintiff's objectively serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994). Plaintiff has not done so. Plaintiff's mere disagreement with the course of medical treatment determined to be appropriate by prison medical staff will not support a claim for relief under section 1983, and Plaintiff's vague, conclusory, and disjointed allegations fall well short of indicating the existence of anything more than his disagreement with determinations made by medical staff at Avenal State Prison. *Snow*, 681 F.3d at 987-88. (Doc. 6, Comp., Exhibits; Doc. 31, Amend. Comp., p. 3.) Accordingly, the Court finds that Plaintiff fails to state a claim for violation of the Eighth Amendment.

### C. Americans with Disabilities Act Claim

It is unclear if Plaintiff is attempting to pursue a claim for violation of the Americans with Disabilities Act ("ADA"), but based on Plaintiff's vague allegations of disability and mistreatment, the Court will address the claim.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by jails and prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 208-13, 118 S.Ct. 1952 (1998); *Simmons v. Navajo County*, 609 F.3d 1011, 1021-22 (9th Cir. 2010); *Pierce v. County of Orange*, 526 F.3d 1190, 1214-15 (9th Cir. 2008). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *accord Simmons*, 609 F.3d at 1021; *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

"The ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons*, 609 F.3d at 1022. In this case, Plaintiff's allegations relate not to any discernible exclusion or discrimination based on disability but to medical care. Therefore,

4

Plaintiff's ADA claim fails as a matter of law. Based on this deficiency, the Court expresses no opinion on other possible claim deficiencies.

### IV. Conclusion and Order

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983 or the ADA. Plaintiff was previously given leave to amend and based on the nature of the deficiencies at issue, further leave to amend would be futile. *Akhtar*, 698 F.3d at 1212-13; *Lopez*, 203 F.3d at 1130.

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim, and the Clerk of the Court shall enter judgment.

IT IS SO ORDERED.

Dated:   **May 22, 2014**                    /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE

5